IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60161
Summary Calendar
_____

DAVE BARHAM,

Plaintiff-Appellant,

versus

MISSISSIPPI APPRAISAL BOARD, and its Board Members in their
individual as well as official capacity; JAMES R. LAUGHLIN, JR.,
District 1, Corinth, Mississippi; J. FILO COATS, District 2,
Grenada, Mississippi; MARK S. BOUNDS, District 3, Madison,
Mississippi; ROBERT LACEY CROOK, II, District 4, Jackson,
Mississippi; JILL R. WALTERS, District 5, Wiggins, Mississippi;
ROBERT E. PRAYTOR, Ex Officio Administrator; WILLIAM R. MOON,
Deputy Director,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-313-D-A
- - - - - - - - - -
August 9, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dave Barham appeals the district court's dismissal of his

civil rights action pursuant to 42 U.S.C. § 1983. He argues that

the district court erred in holding that he failed to state a

claim on which relief could be granted and that the Attorney

General was not authorized to represent the defendants.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Having reviewed the parties' briefs and the record, we agree that Barham failed to state a claim.  He alleged only that the defendants "have set a hearing and are going to fine and/or jail" him.  Barham articulated no factual basis as to why such a proceeding, assuming it would take place, would violate any of the many constitutional rights he cites.  Nor does he explain why the $2 million damage award he seeks would remedy not-yet-inflicted harms.[1]

We also reject Barham's argument that the Mississippi Attorney General could not represent the Board and its members. Barham cites no authority for the proposition that a statutory provision permissively allowing the Board to employ counsel negates the Attorney General's authority under Mississippi law to defend suits brought against state boards and the members and employees of those bodies.  See MISS. CODE ANN. § 7-5-1.  We do not consider Barham's argument regarding the appearance of private counsel on behalf of some defendants because it is raised for the first time on appeal.

AFFIRMED.

---

[1]Barham's claim that the defendants conceded the factual basis for his suit is untrue and irrelevant given the procedural posture of the case.  The defendants filed a motion to dismiss, alleging that even if the facts alleged were true, Barham stated no claim on which relief could be granted.  This is standard procedure under Fed. R. Civ. P. 12(b)(6).